## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| BOE TECHNOLOGY GROUP CO., LTD. and CHENGDU BOE OPTOELECTRONICS TECHNOLOGY CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG DISPLAY CO., LTD.,<br><br>Defendant. | Civil Action No. 2:25-cv-00715<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs BOE Technology Group Co., Ltd. ("BOE Tech") and Chengdu BOE Optoelectronics Technology Co., Ltd. ("BOE Optoelectronics") (together, "BOE") submit the following Complaint against Defendant Samsung Display Co., Ltd. ("Samsung Display") for infringement of U.S. Patent Nos. 8,704,211 (the "'211 Patent"), 9,147,772 (the "'772 Patent"), 12,073,037 (the "'037 Patent"), and 12,205,506 (the "'506 Patent") (collectively, the "Asserted Patents"). BOE alleges as follows:

## NATURE OF THE ACTION

1. Founded in 1993, BOE is a global leader in the research, development, and manufacture of semiconductor displays and a technological pioneer in the field of organic light emitting diode ("OLED") displays.

2. BOE stands at the heart of innovation and development in the display industry, creating technologies and solutions that make ground-breaking applications and features possible. Every year, BOE invests billions on research and development to invent new technology. In 2024, for example, BOE invested CNY 13.20 billion (about USD 1.83 billion) in research and

development.    To protect its innovations, BOE has filed more than 100,000 patent applications—including 30,000 applications for flexible OLED technology—and has been awarded more than 90,000 patents worldwide.    In 2024, BOE received 1,870 United States patents, ranking 12th among all companies, and has been a top 10 Patent Cooperation Treaty (PCT) patent-applicant for nine consecutive years.    In 2024, for example, BOE filed 1,959 PCT patent applications, ranking sixth globally, and ranking within the top 10 for the ninth year running.    BOE has also been recognized for four consecutive years (2022–2025) as one of Clarivate's Top 100 Global Innovators, ranking 12th in 2025.    Further, in 2024, Yanshun Chen—Chairman of BOE—was awarded the prestigious David Sarnoff Industrial Achievement Award from the Society for Information Display for his profound and positive effect on the display industry.

3.    In short, BOE has invested heavily in research and development of its proprietary technological innovations and in the people who work hard to bring those inventions to light.    As discussed in more detail herein, Samsung Display is using, without authorization, BOE's innovations and inventions to market and sell its most ambitious product lines.

4.    For example, BOE has pioneered and developed numerous technologies and inventions that allow for the manufacture of thin, lightweight, and flexible screens that can be used in foldable electronics.    BOE has also developed proprietary methods of designing and manufacturing OLED Screens that reduce leakage and results in increased power efficiency and battery life.    BOE has also developed inventions that allow phone manufacturers to place a camera behind a display screen and still take quality pictures, a technology BOE dubbed Full Display with Camera or "FDC."    Accordingly, phones incorporating BOE's technology will no longer need to include an unsightly hole in the screen to accommodate a front facing camera.

5.    Samsung Display was founded in 2012 and, in a 2024 investor presentation, claimed it was the number one supplier of displays for smartphones.    Samsung Display, however,

has benefitted by incorporating innovations pioneered and developed by BOE into its products (the "Infringing OLED Displays").

6.      On information and belief, Samsung Display makes, imports, sells, and offers to sell and/or collaborates with its affiliates to operate as a unitary business venture to manufacture, import, offer to sell, and sells the Infringing OLED Displays for incorporation into various products, including mobile phones (the "Infringing Phones").   The Infringing Phones include, without limitation, the Samsung Galaxy Z Fold series phones (e.g., the Fold5 & Fold6) and Samsung Galaxy S-series Phones (e.g., the Galaxy S25 Ultra). The Infringing Phones are sold in the United States, Texas, and this District.

7.      For example, Samsung Display operates a director of products incorporating Samsung Display OLED screens.   The website indicates that various Samsung Galaxy S-Series Phones (including the Samsung Galaxy S24 Ultra, S23 Ultra, and, on information and belief, the S25 Ultra) incorporate the Infringing OLED Displays.





Samsung Display, https://oledera.samsungdisplay.com/eng/oledfinder/
(last visited June 18, 2025)

8.    As another example, Samsung Display's website contains content marketing the Infringing OLED Display in the Samsung Galaxy S25 Ultra Phone.



Samsung Display, https://global.samsungdisplay.com/31336
(last visited June 18, 2025)

9.    Similarly, on its website, Samsung Display touts that its displays are incorporated into Samsung's line of "Galaxy Fold" phones comprising flexible and foldable screens:



Samsung Display, https://www.samsungdisplay.com/eng/index.jsp (last visited May 13, 2025); *see also [SID 2023] Flex In & Out*, Samsung Display (May 24, 2023), https://www.samsungdisplay.com/eng/media/movie/detail/movie230524_1.jsp.

10.    As another example, on its website, Samsung Display contends "[f]oldable OLEDs are mostly produced by Samsung Display" and "[w]ith the release of the Galaxy Fold1, Samsung Display continues to challenge the industry norms …."    *Foldable Smartphone Market Expected to Surge: 100 Million Units of Foldable OLED Demand Forecasted in 2028*, Samsung Display (Oct. 26, 2021), https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-211026.jsp.

11.    Notably,    Samsung    markets    its    Galaxy    Fold    devices as the "biggest breakthrough since the mobile phone[.]"    *Galaxy Fold*, Samsung, https://www.samsung.com/levant/smartphones/galaxy-fold/    (last    visited    May    9,    2025). Samsung further touts that the phone camera is placed behind the screen—a feature Samsung refers to as "Under Display Camera" or "UDC"—as a key selling feature.    *A look at the Under Display Camera    (UDC)    on    the    Galaxy    Z    Fold4    and    Fold5*,    Samsung,

https://www.samsung.com/uk/support/mobile-devices/a-look-at-the-under-display-camera-udc-on-the-galaxy-z-fold4-and-fold5/ (last visited May 8, 2025) ("Originally introduced with the Galaxy Z Fold3, the UDC (Under Display Camera) remains a unique feature of the Z Fold phone series.   It was included on the main display of the Galaxy Z Fold4 as well as the Z Fold5; and by keeping it hidden under the display, the UDC allows you to enjoy videos or games uninterrupted by holes or lenses.").

12.     The purported "biggest breakthrough since the mobile phone," thus, is built on hard work and innovations of BOE and its inventors.   But Samsung Display has never taken a license to use BOE's patents, nor has it ever paid a fair royalty to use those patents.

13.     BOE, therefore, brings this civil action for patent infringement.

## THE PARTIES

14.     BOE Tech is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at No. 12 Xihuanzhong, RD, BDA, Beijing, 100176, P.R. China.

15.     BOE Optoelectronics is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at No. 1188 Cooperation RD, Hi-tech Zone (west area), Chengdu, Sichuan, 611731, P.R. China.

16.     Samsung Display is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 1, Samsung-ro, Giheung-gu, Yongin-si, Gyeonggi-do, 17113, Republic of Korea.

## JURISDICTION AND VENUE

17.     BOE brings this action under the patent laws of the United States.   35 U.S.C. §§ 1, *et seq.*   The Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.    The Court has personal jurisdiction over Samsung Display.    Samsung Display has established minimum contacts with both the United States and Texas such that subjecting Samsung Display to personal jurisdiction in this District will not offend traditional notions of fair play and substantial justice.    Samsung Display has purposely availed itself of the laws and protections of the United States and Texas by knowingly supplying or contracting to supply displays for incorporation into products (such as the Infringing Phones) to be sold, offered for sale, imported, and/or used in the United States, Texas, and this District.    Samsung Display has also purposely availed itself of the laws and protections of the United States and Texas by filing multiple civil actions against BOE in April 2025 for purported patent infringement relating to OLED displays in this District in what appears to be an attempt to bully a smaller corporation.    *See Samsung Display Co., Ltd. v. BOE Technology Group Co., LTD., et al.*, 2:25-cv-00412 (E.D. Tex. Apr. 17, 2025); *Samsung Display Co., Ltd. v. BOE Technology Group Co., LTD., et al.*, 2:25-cv-00426 (E.D. Tex. Apr. 21, 2025); *Samsung Display Co., Ltd. v. BOE Technology Group Co., LTD., et al.*, 2:25-cv-00430 (E.D. Tex. Apr. 23, 2025).    Additionally, Samsung Display has targeted the United States and Texas by conducting regular business therein and has placed and continues to place its products into the stream of commerce through an established distribution channel with the expectation or knowledge its products will be purchased by consumers in the United States, Texas, and this District.    BOE's claims for patent infringement arise directly from or relate to this activity.    In the alternative, personal jurisdiction over Samsung Display is proper under Fed. R. Civ. P. 4(k)(2).

19.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3), as Samsung Display is not a United States resident and, thus, may be sued in any judicial district.

## THE ASSERTED PATENTS

20.    The '211 Patent—titled "High integrity protective coatings"—was duly and legally issued by the USPTO on April 22, 2014.    BOE Tech is the assignee and holder of all rights, title,

and interests in the '211 Patent, including without limitation all rights to sue for damages for infringement thereof.   A true and correct copy of the '211 Patent is available on the USPTO Patent Center at

https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8704211.

21.     The '772 Patent—titled "Complementary Metal Oxide Semiconductor Circuit Structure, Preparation Method Thereof and Display Device"—was duly and legally issued by the USPTO on September 29, 2015.   BOE Tech is the assignee and holder of all rights, title, and interests in the '772 Patent, including without limitation all rights to sue for damages for infringement thereof.   A true and correct copy of the '772 Patent is available on the USPTO Patent Center at

https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/20140159038.

22.     The '037 Patent—titled "Display Panel and Display Device"—was duly and legally issued by the USPTO on August 27, 2024.   BOE Tech and BOE Optoelectronics are the assignees and holders of all rights, title, and interests in the '037 Patent, including without limitation all rights to sue for damages for infringement thereof.   A true and correct copy of the '037 Patent is available on the USPTO Patent Center at

https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/12073037.

23.     The '506 Patent—titled "Display substrate and display device"—was duly and legally issued by the USPTO on January 21, 2025.   BOE Tech is the assignee and holder of all rights, title, and interests in the '506 Patent, including without limitation all rights to sue for damages for infringement thereof.   A true and correct copy of the '506 Patent is available on the USPTO Patent Center at

https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/20240161669.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,704,211

24.    BOE incorporates by reference all the foregoing paragraphs as if fully set forth herein.

25.    The '211 Patent relates to protective coatings that are used in optoelectronic devices.

26.    Claim 1 of the '211 Patent recites:

> 1. A composite article comprising: at least one high integrity protective coating, said high integrity protective coating comprising at least one organic-inorganic composition barrier coating layer and at least one planarizing layer, wherein the barrier coating layer comprises a substantially organic zone and a substantially inorganic zone and an organic-inorganic interface zone between the substantially organic zone and the substantially inorganic zone.

27.    On information and belief, in violation of 35 U.S.C. § 271(a), Samsung Display has directly infringed and/or collaborated with its affiliates to operate as a unitary business venture to directly infringe (either literally or under the doctrine of equivalents) one or more claims of the '211 Patent by, without authority, making, using, offering to sell, and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones.

28.    For example, on information and belief, Samsung Display, alone or in collaboration with its affiliates, offers to sell and sells the Infringing OLED Displays to customers located in the United States.   For example, according to Samsung Display's website, Samsung Display hires employees to "[a]ttract[] customers for sales activities in domestic and overseas markets." *See, e.g., Job Description*, Samsung Display, https://www.samsungdisplay.com/m/eng/recruit/recruit02_2.jsp (last visited June 10, 2025). As a further example, Samsung Display represents on its website that, in 2021, it produced 94%

of the global market share of foldable OLEDs.    *Foldable Smartphone Market Expected to Surge: 100 Million Units of Foldable OLED Demand Forecasted in 2028*, Samsung Display (Oct. 26, 2021), https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-211026.jsp.

29.    As another example, on information and belief, Samsung Display, alone and/or in collaboration with its affiliates, uses the Infringing OLED Displays in, offers to sell or sells the Infringing OLED Displays from, and/or imports the Infringing OLED Displays to Samsung Display offices located in: Houston, Texas; Chicago, Illinois; San Jose, California; and San Diego, California.    *See    Global    Network*, Samsung Display, https://www.samsungdisplay.com/m/eng/intro/intro03_2.jsp (last visited June 10, 2025).

30.    Additionally or alternatively, in violation of 35 U.S.C. § 271(b), Samsung Display, alone and/or in collaboration with its affiliates, has actively and knowingly induced others to directly infringe one or more of the claims of the '211 Patent, as detailed below.

31.    Additionally or alternatively, in violation of 35 U.S.C. § 271(c), Samsung Display, alone and/or in collaboration with its affiliates, has contributed to the infringement of one or more of the claims of the '211 Patent by offering to sell and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones, as detailed below.

32.    Samsung Display's infringement is continuing.

33.    As one non-limiting example, the Samsung Galaxy Z Fold6 and its display infringe Claim 1 of the '211 Patent.    *See* Ex. 1.

      a.    The Samsung Galaxy Z Fold6 has a display that is a composite article.

      b.    The composite article is comprised of at least one high integrity protective coating.

c.  The high integrity protective coating is comprised of at least one organic-inorganic composition barrier coating layer and at least one planarizing layer.

d.  The barrier coating layer comprises a substantially organic zone and a substantially inorganic zone and an organic-inorganic interface zone between the substantially organic zone and the substantially inorganic zone.

34.    On information and belief, despite knowing of the '211 Patent, Samsung Display, alone or in collaboration with its affiliates, actively and knowingly induced and continues to actively and knowingly induce manufacturers, shippers, distributors, and retailers to directly infringe the '211 Patent.    In particular, on information and belief, Samsung Display had knowledge of, or was willfully blind to, the '211 Patent since at July 7, 2022 as Samsung Display had knowledge of the patent application that matured into the '211 Patent (U.S. Application No. 10/988,481) and other patent applications and patents claiming priority to the '211 Patent (e.g., CN 200580046401.X) since at least July 7, 2022.    Samsung Display intentionally causes, urges, or encourages manufacturers, shippers, distributors, and retailers to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '211 Patent by importing into the United States and/or using, selling, and/or offering to sell in the United States products containing the Infringing OLED Displays.    The Infringing OLED Displays are specially designed to contain features that infringe the '211 Patent and the products incorporating the Infringing OLED Displays have no substantial uses other than ones that infringe the '211 Patent.

35.    Moreover, on information and belief, alone and/or in collaboration with its affiliates, despite knowing of the '211 Patent, Samsung Display has contributorily infringed and continues to contributorily infringe the '211 Patent through its supply of the Infringing OLED Displays to customers who incorporate those displays into their products (including the Infringing Phones).    The Infringing OLED Displays have no substantial non-infringing uses and are

specially designed and made for use in devices that infringe the '211 Patent.   The Infringing OLED Displays that Samsung Display has sold and/or provided to customers embody a material part of the claimed invention, including at least Claim 1 of the '211 Patent.

36.    BOE is entitled to recover from Samsung Display all damages BOE has sustained because of Samsung Display's infringement, including, without limitation, reasonable royalties and lost profits.

37.    Samsung Display's infringement has been and continues to be willful and deliberate, entitling BOE to enhanced damages.

38.    Samsung Display's infringement is exceptional and entitles BOE to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,147,772

39.    BOE incorporates by reference all the foregoing paragraphs as if fully set forth herein.

40.    The '772 Patent relates to a display device and methods for manufacturing displays using a novel and complementary metal oxide semiconductor (CMOS) circuit structure.

41.    Claim 1 of the '772 Patent recites:

1. A complementary metal oxide semiconductor CMOS circuit structure, having a PMOS region and an NMOS region, and comprising:

a base substrate;

a PMOS semiconductor layer arranged on a portion of the base substrate;

a gate insulating layer arranged on the PMOS semiconductor layer and on the base substrate;

PMOS gate and NMOS gate arranged on different portions of the gate insulating layer;

a first interlayer dielectric layer arranged on the PMOS gate and the NMOS gate and on the gate insulating layer;

an NMOS semiconductor layer arranged on a portion of the first interlayer dielectric layer that corresponds to the NMOS gate;

a second interlayer dielectric layer arranged on the NMOS semiconductor layer and on the first interlayer dielectric layer;

PMOS source/drain arranged on a portion of the second interlayer dielectric layer that corresponds to the PMOS semiconductor layer; and

NMOS source/drain arranged on a portion of the second interlayer dielectric layer that corresponds to the NMOS semiconductor layer; wherein,

the PMOS semiconductor layer, the PMOS gate and the PMOS source/drain are located within the PMOS region; and the PMOS semiconductor layer is prepared from a P type doped polysilicon material;

the NMOS semiconductor layer, the NMOS gate and the NMOS source/drain are located within the NMOS region; and the NMOS semiconductor layer is made of an oxide material.

42.     On information and belief, in violation of 35 U.S.C. § 271(a), Samsung Display has directly infringed and/or collaborated with its affiliates to operate as a unitary business venture to directly infringe (either literally or under the doctrine of equivalents) one or more claims of the '772 Patent by, without authority, making, using, offering to sell, and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones.

43.     For example, on information and belief, Samsung Display, alone or in collaboration with its affiliates, offers to sell and sells the Infringing OLED Displays to customers located in the United States.   For example, according to Samsung Display's website, Samsung Display hires employees to "[a]ttract customers for sales activities in domestic and overseas markets."   *See, e.g.*,        *Job         Description*,         Samsung         Display, https://www.samsungdisplay.com/m/eng/recruit/recruit02_2.jsp (last visited June 10, 2025).

44.     As a further example, Samsung Display represents on its website that, in 2021, it produced 94% of the global market share of foldable OLEDs.   *Foldable Smartphone Market Expected to Surge: 100 Million Units of Foldable OLED Demand Forecasted in 2028*, Samsung Display (Oct. 26, 2021),   https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-211026.jsp.

45.     As another example, on information and belief, Samsung Display, alone and/or in collaboration with its affiliates, uses the Infringing OLED Displays in, offers to sell or sells the

Infringing OLED Displays from, and/or imports the Infringing OLED Displays to Samsung Display offices located in: Houston, Texas; Chicago, Illinois; San Jose, California; and San Diego, California.    *See Global Network*, Samsung Display, https://www.samsungdisplay.com/m/eng/intro/intro03_2.jsp (last visited June 10, 2025).

46.    Additionally or alternatively, in violation of 35 U.S.C. § 271(b), Samsung Display, alone and/or in collaboration with its affiliates, has actively and knowingly induced others to directly infringe one or more of the claims of the '772 Patent, as detailed below.

47.    Additionally or alternatively, in violation of 35 U.S.C. § 271(c), Samsung Display, alone and/or in collaboration with its affiliates, has contributed to the infringement of one or more of the claims of the '772 Patent by offering to sell and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones, as detailed below.

48.    Samsung Display's infringement is continuing.

49.    As one non-limiting example, the Samsung Galaxy Z Fold6 and its display infringe Claims 1, 5, 6, and 7 of the '772 Patent.    *See* Ex. 2.

   a.  The Samsung Galaxy Z Fold6 has a display comprising a complementary metal oxide semiconductor CMOS circuit structure, having a PMOS region and an NMOS region.

   b.  The complementary metal oxide semiconductor CMOS circuit structure is comprised of a base substrate.

   c.  A PMOS semiconductor layer is arranged on a portion of the base substrate.

   d.  A gate insulating layer is arranged on the PMOS semiconductor layer and on the base substrate.

   e.  A PMOS gate and NMOS gate are arranged on different portions of the gate insulating layer.

14

f.  A first interlayer dielectric layer is arranged on the PMOS gate and the NMOS gate and on the gate insulating layer.

g.  A NMOS semiconductor layer is arranged on a portion of the first interlayer dielectric layer that corresponds to the NMOS gate.

h.  A second interlayer dielectric layer is arranged on the NMOS semiconductor layer and on the first interlayer dielectric layer.

i.  A PMOS source/drain is arranged on a portion of the second interlayer dielectric layer that corresponds to the PMOS semiconductor layer.

j.  A NMOS source/drain is arranged on a portion of the second interlayer dielectric layer that corresponds to the NMOS semiconductor layer.

k.  The PMOS semiconductor layer, the PMOS gate and the PMOS source/drain are located within the PMOS region, and the PMOS semiconductor layer is prepared from a P type doped polysilicon material.

l.  The NMOS semiconductor layer, the NMOS gate and the NMOS source/drain are located within the NMOS region, and the NMOS semiconductor layer is made of an oxide material.

m.  A planarization layer and a pixel layer used as an anode are successively located on the PMOS source/drain and the NMOS source/drain, wherein the pixel layer is electrically connected to the source or the drain of the PMOS source/drain through a via-hole.

n.  A pixel defining layer is above the pixel layer.

o.  The planarization layer is prepared from an organic resin material.

50.    On information and belief, despite knowing of the '772 Patent, Samsung Display, alone or in collaboration with its affiliates, actively and knowingly induced and continues to actively and knowingly induce manufacturers, shippers, distributors, and retailers to directly

infringe the '772 Patent.    In particular, on information and belief, Samsung Display had knowledge of, or was willfully blind to, the '772 Patent and its infringement of that patent at least as early as April 3, 2023, as SDC was aware of related patents and applications that were asserted against Samsung Display in litigation on that date, including CN201210537549.5.    At a minimum, Samsung Display had knowledge of, or was willfully blind to, the '772 Patent at least as of the date this Complaint was filed and, in any event, no later than the date this Complaint was served. Samsung Display intentionally causes, urges, or encourages manufacturers, shippers, distributors, and retailers to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '772 Patent by importing into the United States and/or using, selling, and/or offering to sell in the United States products containing the Infringing OLED Displays. The Infringing OLED Displays are specially designed to contain features that infringe the '772 Patent and the products incorporating the Infringing OLED Displays have no substantial uses other than those that infringe the '772 Patent.

51.    Moreover, on information and belief, alone and/or in collaboration with its affiliates, despite knowing of the '772 Patent, Samsung Display has contributorily infringed and continues to contributorily infringe the '772 Patent through its supply of the Infringing OLED Displays to customers who incorporate those displays into their products (including the Infringing Phones).    The Infringing OLED Displays have no substantial non-infringing uses and are specially designed and made for use in devices that infringe the '772 Patent.    The Infringing OLED Displays that Samsung Display has sold and/or provided to customers embody a material part of the claimed invention, including at least Claim 1 of the '772 Patent.

52.    BOE is entitled to recover from Samsung Display all damages BOE has sustained because of Samsung Display's infringement, including, without limitation, reasonable royalties and lost profits.

53.     Samsung Display's infringement has been and continues to be willful and deliberate, entitling BOE to enhanced damages.

54.     Samsung Display's infringement is exceptional and entitles BOE to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 12,073,037

55.     BOE incorporates by reference all the foregoing paragraphs as if fully set forth herein.

56.     The '037 Patent relates to an array substrate, a display panel, and a display device.

57.     Claim 1 of the '037 Patent recites:

> 1. A display panel, comprising:
>
>> a base substrate; and
>>
>> a pixel driving circuit layer, an anode layer, a light emitting layer, a cathode layer, an encapsulation layer and a touch function layer sequentially disposed on the base substrate,
>>
>> wherein the display panel comprises a plurality of light transmitting regions and a plurality of pixel cell regions, a plurality of traces of the pixel driving circuit layer are connected between adjacent pixel cell regions, and there are slits between adjacent traces,
>>
>> wherein an orthographic projection of a wiring of the touch function layer on the base substrate overlaps with an orthographic projection of the slits on the base substrate;
>>
>> wherein the display panel comprises a first display region and a second display region different from the first display region, the second display region comprises the plurality of light transmitting regions and the plurality of pixel cell regions; and
>>
>> wherein the number of pixel cells per unit area in the first display region is greater than the number of pixel cells per unit area in the second display region.

58.     On information and belief, in violation of 35 U.S.C. § 271(a), Samsung Display has directly infringed and/or collaborated with its affiliates to operate as a unitary business venture to directly infringe (either literally or under the doctrine of equivalents) one or more claims of the '037 Patent by, without authority, making, using, offering to sell, and/or selling within the United

States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones.

59.    For example, on information and belief, Samsung Display, alone or in collaboration with its affiliates, offers to sell and sells the Infringing OLED Displays to customers located in the United States.    For example, according to Samsung Display's website, Samsung Display hires employees to "[a]ttract customers for sales activities in domestic and overseas markets."    *See, e.g.*,    *Job    Description*,    Samsung    Display, https://www.samsungdisplay.com/m/eng/recruit/recruit02_2.jsp (last visited June 10, 2025).    As a further example, Samsung Display represents on its website that, in 2021, it produced 94% of the global market share of foldable OLEDs.    *Foldable Smartphone Market Expected to Surge: 100 Million Units of Foldable OLED Demand Forecasted in 2028*, Samsung Display (Oct. 26, 2021), https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-211026.jsp.

60.    As another example, on information and belief, Samsung Display, alone and/or in collaboration with its affiliates, uses the Infringing OLED Displays in, offers to sell or sells the Infringing OLED Displays from, and/or imports the Infringing OLED Displays to Samsung Display offices located in: Houston, Texas; Chicago, Illinois; San Jose, California; and San Diego, California.    *See    Global    Network*,    Samsung    Display, https://www.samsungdisplay.com/m/eng/intro/intro03_2.jsp (last visited June 10, 2025).

61.    Additionally or alternatively, in violation of 35 U.S.C. § 271(b), Samsung Display, alone and/or in collaboration with its affiliates, has actively and knowingly induced others to directly infringe one or more of the claims of the '037 Patent, as detailed below.

62.    Additionally or alternatively, in violation of 35 U.S.C. § 271(c), Samsung Display, alone and/or in collaboration with its affiliates, has contributed to the infringement of one or more of the claims of the '037 Patent by offering to sell and/or selling within the United States and/or

importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones, as detailed below.

63. Samsung Display's infringement is continuing.

64. As one non-limiting example, the Samsung Galaxy Z Fold6 and its display infringe Claim 1 of the '037 Patent. *See* Ex. 3.

    a. The Samsung Galaxy Z Fold6 has a display panel.

    b. The display panel is comprised of a base substrate.

    c. The display panel is comprised of a pixel driving circuit layer, an anode layer, a light emitting layer, a cathode layer, an encapsulation layer and a touch function layer sequentially disposed on the base substrate.

    d. The display panel is comprised of a plurality of light transmitting regions and a plurality of pixel cell regions, a plurality of traces of the pixel driving circuit layer are connected between adjacent pixel cell regions, and there are slits between adjacent traces.

    e. The orthographic projection of a wiring of the touch function layer on the base substrate overlaps with an orthographic projection of the slits on the base substrate.

    f. The display panel comprises a first display region and a second display region different from the first display region, the second display region comprises the plurality of light transmitting regions and the plurality of pixel cell regions.

    g. The number of pixel cells per unit area in the first display region is greater than the number of pixel cells per unit area in the second display region.

65. On information and belief, despite knowing of the '037 Patent, Samsung Display, alone or in collaboration with its affiliates, actively and knowingly induced and continues to

actively and knowingly induce manufacturers, shippers, distributors, and retailers to directly infringe the '037 Patent.    In particular, on information and belief, Samsung Display had knowledge of, or was willfully blind to, the '037 Patent and its infringement of that patent at least as early as the date this Complaint was filed and, in any event, no later than the date this Complaint was served. Samsung Display intentionally causes, urges, or encourages manufacturers, shippers, distributors, and retailers to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '037 Patent by importing into the United States and/or using, selling, and/or offering to sell in the United States products containing the Infringing OLED Displays. The Infringing OLED Displays are specially designed to contain features that infringe the '037 Patent and the products incorporating the Infringing OLED Displays have no substantial uses other than those that infringe the '037 Patent.

66.    Moreover, on information and belief, alone and/or in collaboration with its affiliates, despite knowing of the '037 Patent, Samsung Display has contributorily infringed and continues to contributorily infringe the '037 Patent through its supply of the Infringing OLED Displays to customers who incorporate those displays into their products (including the Infringing Phones).    The Infringing OLED Displays have no substantial non-infringing uses and are specially designed and made for use in devices that infringe the '037 Patent.    The Infringing OLED Displays that Samsung Display has sold and/or provided to customers embody a material part of the claimed invention, including at least Claim 1 of the '037 Patent.

67.    BOE is entitled to recover from Samsung Display all damages BOE has sustained because of Samsung Display's infringement, including, without limitation, reasonable royalties and lost profits.

68.    Samsung Display's infringement has been and continues to be willful and deliberate, entitling BOE to enhanced damages.

69.    Samsung Display's infringement is exceptional and entitles BOE to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 12,205,506

70.    BOE incorporates by reference all the foregoing paragraphs as if fully set forth herein.

71.    The '506 Patent relates to a display substrate and a display device.

72.    Claim 1 of the '506 Patent recites:

1. A display substrate, comprising:

a base substrate, and

a shift register unit, a first clock signal line, and a first power line which are all provided in a peripheral region of the base substrate, wherein the shift register unit comprises a charge pump circuit,

the first clock signal line is configured to supply a first clock signal to the shift register unit,

the first power line is configured to supply a first power voltage to the shift register unit,

the charge pump circuit comprises a first capacitor and a first transistor, and the charge pump circuit is electrically connected with a first input node and a first node,

a first electrode plate of the first capacitor is connected with the first clock signal line, a second electrode plate of the first capacitor is connected with the first input node,

a gate electrode of the first transistor is connected with a first electrode or a second electrode of the first transistor,

and an orthogonal projection of the first capacitor on the base substrate is adjacent to an orthogonal projection of the first transistor on the base substrate,

wherein the display substrate further comprises a first connection electrode and a second connection electrode, wherein

the gate electrode of the first transistor is connected with the first electrode of the first transistor through the first connection electrode to form a diode structure, a first end of the first connection electrode is connected with the first electrode of the first transistor, a second end of the first connection electrode is connected with gate electrode of the first transistor, a first end of the second connection electrode is connected with the second electrode of the first transistor, the first electrode of the first transistor is connected with an active layer of the first transistor through a first via hole, and an orthogonal

21

projection of a channel of the first transistor on the base substrate does not overlap with an orthogonal projection of the first via hole on the base substrate, wherein the first connection electrode is connected with the gate electrode of the first transistor through a second via hole, and the orthogonal projection of the channel of the first transistor on the base substrate does not overlap with an orthogonal projection of the second via hole on the base substrate.

73.    On information and belief, in violation of 35 U.S.C. § 271(a), Samsung Display has directly infringed and/or collaborated with its affiliates to operate as a unitary business venture to directly infringe (either literally or under the doctrine of equivalents) one or more claims of the '506 Patent by, without authority, making, using, offering to sell, and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones.

74.    For example, on information and belief, Samsung Display, alone or in collaboration with its affiliates, offers to sell and sells the Infringing OLED Displays to customers located in the United States.    For example, according to Samsung Display's website, Samsung Display hires employees to "[a]ttract customers for sales activities in domestic and overseas markets."    *See, e.g.*,    *Job    Description*,    Samsung    Display, https://www.samsungdisplay.com/m/eng/recruit/recruit02_2.jsp (last visited June 10, 2025).    As a further example, Samsung Display represents on its website that, in 2021, it produced 94% of the global market share of foldable OLEDs.    *Foldable Smartphone Market Expected to Surge: 100 Million Units of Foldable OLED Demand Forecasted in 2028*, Samsung Display (Oct. 26, 2021), https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-211026.jsp.

75.    As another example, on information and belief, Samsung Display, alone and/or in collaboration with its affiliates, uses the Infringing OLED Displays in, offers to sell or sells the Infringing OLED Displays from, and/or imports the Infringing OLED Displays to Samsung Display offices located in: Houston, Texas; Chicago, Illinois; San Jose, California; and San Diego,

California.            *See      Global      Network*,       Samsung       Display,

https://www.samsungdisplay.com/m/eng/intro/intro03_2.jsp (last visited June 10, 2025).

76.    Additionally or alternatively, in violation of 35 U.S.C. § 271(b), Samsung Display, alone and/or in collaboration with its affiliates, has actively and knowingly induced others to directly infringe one or more of the claims of the '506 Patent, as detailed below.

77.    Additionally or alternatively, in violation of 35 U.S.C. § 271(c), Samsung Display, alone and/or in collaboration with its affiliates, has contributed to the infringement of one or more of the claims of the '506 Patent by offering to sell and/or selling within the United States and/or importing into the United States the Infringing OLED Displays for incorporation into other products, including the Infringing Phones, as detailed below.

78.    Samsung Display's infringement is continuing.

79.    As one non-limiting example, the Samsung Galaxy Z Fold6 infringes Claim 1 of the '506 Patent.    *See* Ex. 4.

a.    The Samsung Galaxy Z Fold6 has a display substrate.

b.    The display substrate comprises a base substrate.

c.    The display substrate comprises a shift register unit, a first clock signal line, and a first power line which are all provided in a peripheral region of the base substrate.

d.    The shift register unit comprises a charge pump circuit.

e.    The first clock signal line is configured to supply a first clock signal to the shift register unit.

f.    The first power line is configured to supply a first power voltage to the shift register unit.

g.  The charge pump circuit comprises a first capacitor and a first transistor, and the charge pump circuit is electrically connected with a first input node and a first node.

h.  A first electrode plate of the first capacitor is connected with the first clock signal line, a second electrode plate of the first capacitor is connected with the first input node.

i.  A gate electrode of the first transistor is connected with a first electrode or a second electrode of the first transistor.

j.  An orthogonal projection of the first capacitor on the base substrate is adjacent to an orthogonal projection of the first transistor on the base substrate.

k.  The display substrate further comprises a first connection electrode and a second connection electrode.

l.  The gate electrode of the first transistor is connected with the first electrode of the first transistor through the first connection electrode to form a diode structure.

m.  A first end of the first connection electrode is connected with the first electrode of the first transistor.

n.  A second end of the first connection electrode is connected with gate electrode of the first transistor.

o.  A first end of the second connection electrode is connected with the second electrode of the first transistor.

p.  The first electrode of the first transistor is connected with an active layer of the first transistor through a first via hole, and an orthogonal projection of a

24

channel of the first transistor on the base substrate does not overlap with an orthogonal projection of the first via hole on the base substrate.

q. The first connection electrode is connected with the gate electrode of the first transistor through a second via hole, and the orthogonal projection of the channel of the first transistor on the base substrate does not overlap with an orthogonal projection of the second via hole on the base substrate.

80. On information and belief, despite knowing of the '506 Patent, Samsung Display, alone or in collaboration with its affiliates, actively and knowingly induced and continues to actively and knowingly induce manufacturers, shippers, distributors, and retailers to directly infringe the '506 Patent. In particular, on information and belief, Samsung Display had knowledge of, or was willfully blind to, the '506 Patent and its infringement of that patent at least as early as the date this Complaint was filed and, in any event, no later than the date this Complaint was served. Samsung Display intentionally causes, urges, or encourages manufacturers, shippers, distributors, and retailers to directly infringe (literally and/or under the doctrine of equivalents) one or more claims of the '506 Patent by importing into the United States and/or using, selling, and/or offering to sell in the United States products containing the Infringing OLED Displays. The Infringing OLED Displays are specially designed to contain features that infringe the '506 Patent and the products incorporating the Infringing OLED Displays have no substantial uses other than those that infringe the '506 Patent.

81. Moreover, on information and belief, alone and/or in collaboration with its affiliates, despite knowing of the '506 Patent, Samsung Display has contributorily infringed and continues to contributorily infringe the '506 Patent through its supply of the Infringing OLED Displays to customers who incorporate those displays into their products (including the Infringing Phones). The Infringing OLED Displays have no substantial non-infringing uses and are specially designed and made for use in devices that infringe the '506 Patent. The Infringing

OLED Displays that Samsung Display has sold and/or provided to customers embody a material part of the claimed invention, including at least Claim 1 of the '506 Patent.

82.    BOE is entitled to recover from Samsung Display all damages BOE has sustained because of Samsung Display's infringement, including, without limitation, reasonable royalties and lost profits.

83.    Samsung Display's infringement has been and continues to be willful and deliberate, entitling BOE to enhanced damages.

84.    Samsung Display's infringement is exceptional and entitles BOE to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefor BOE requests the following relief:

a)    Damages adequate to compensate BOE for Samsung Display's infringement, including all compensatory damages, lost profits, or a reasonable royalty;

b)    Pre- and post-judgement interest and costs to BOE;

c)    Treble damages for willful infringement pursuant to 35 U.S.C. § 284.

d)    Reasonable attorneys' fees under 35 U.S.C. § 285 or as otherwise permitted by law;

e)    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 15, 2025

*/s/ Eric H. Findlay*　　　　　　　　
Eric H. Findlay
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
7270 Crosswater Ave, Ste B
Tyler, Texas 75703
T: +1 903 534 1100

Xiang Wang
xiangwang@orrick.com
Rich Martinelli
rmartinelli@orrick.com
Angela Colt
acolt@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52nd St
New York, NY 10019
T: +1 212 506 5000

Bas de Blank
basdeblank@orrick.com
Jason Yu
jasonyu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd
Menlo Park, CA 94025
T: +1 650 614 7400

**Attorneys for Plaintiffs**
**BOE Technology Group Co., Ltd.**
**Chengdu BOE Optoelectronics Technology Co.,**